UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:10-CR-00116 |
| ) | CHIEF JUDGE HAYNES |
| KEITH CHURN, ) | |
| ) | |
| Defendant. ) | |

### ORDER OF FORFEITURE CONSISTING OF
### $136,500.00 UNITED STATES CURRENCY MONEY JUDGMENTS
### AS TO COUNTS 3, 7, 8, 9, 10, 11, AND 12

Based on the Defendant Keith Churn's conviction by jury as to Counts 3, 7, 8, 9, 10, 11, and 12 of the Indictment in the above-styled case, the Court finds as follows:

**WHEREAS,** on May 5, 2010, the Government filed a Thirteen-Count Indictment charging Defendant, in pertinent part with violations of 18 U.S.C. § 1344 (financial institution fraud);

**WHEREAS,** the forfeiture allegation of the Indictment gave notice pursuant to 18 U.S.C. § 982(a)(2)(B) that upon conviction of the financial institution fraud offenses alleged in Counts One through Thirteen, Defendant shall forfeit any and all property, real or personal, obtained directly or indirectly as a result of the violation. The property to be forfeited includes but is not limited to a money judgment in the minimum amount of $414,300.00 which represents proceeds of the financial institution fraud offenses.

**WHEREAS,** the forfeiture allegation of the Indictment also gave notice to Defendant that in the event the $414,300.00 in proceeds, as a result of any act or omission of Defendant:

    a.    cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant up to $414,300.00;

**WHEREAS**, on December 6, 2013, a jury convicted Defendant of Counts 3, 7, 8, 9, 10, 11, and 12 of the Indictment, and was found not guilty as to Counts 2, 5, 6, and 13. Counts 1 and 4 were dismissed at trial on Motion by the Government;

Now, therefore, this Court makes the following findings:

1. $136,500.00 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the scheme or artifice to defraud a financial institution as charged in Counts 3, 7, 8, 9, 10, 11, and 12 of the Indictment, and which constitutes or is derived from proceeds traceable to each violation.

2. As a result of Defendant's act(s) or omission(s), the $136,500.00 in proceeds obtained as a result of the scheme or artifice to defraud a financial institution of which Defendant was convicted, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as

2

Case 3:10-cr-00116 Document 70-1 Filed 02/18/14 Page 2 of 4 PageID #: 183

incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $136,500.00.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. An Order of Forfeiture Consisting of Money Judgments in the amount of $136,500.00 ("Order of Forfeiture") is hereby taken against Defendant as to Counts 3, 7, 8, 9, 10, 11, and 12. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of Money Judgments shall become effective at sentencing as to the defendant, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), "... no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B. It is Ordered that the United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $136,500.00 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.*

C. It is Ordered that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of $136,500.00 Money Judgments as to Counts 3, 7, 8, 9, 10, 11, and 12 to include substitute property having a value not to exceed in total $136,500.00 United States currency to satisfy the Money Judgments in whole or in part.

D. Upon payment of any Money Judgment in full, the United States shall file a satisfaction of judgment as to all Money Judgments with the District Court and the appropriate clerk of the county in which any transcript or abstract of the judgment has been filed.

E. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which

3

will continue in full effect until payment of the total amount of $136,500.00 plus statutory interest is made in full as to any money judgment on Count 3, 7, 8, 9, 10, 11, or 12.

F.  The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 19th day of February 2014.

CHIEF JUDGE WILLIAM J. HAYNES, JR.
United States District Judge